492 P.2d 433

Mary Cheryl HART, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN and FOR the COUNTY OF PIMA; Honorable Robert O. Roylston, Judge of Said Superior Court, and Frances C. Gibbons, Clerk of Said Superior Court, Respondents.

No. 2 CA–CIV 1119.

Court of Appeals of Arizona, Division 2.

Dec. 30, 1971.

Rehearing Denied Feb. 1, 1972.

Review Denied March 7, 1972.

Legal Aid Society of the Pima County Bar Assn., by Horace M. Umberger, Tucson, for petitioner.

HATHAWAY, Judge.

This matter is before us on a petition for special action. The petitioner, an indigent, by and through her attorneys, the Legal Aid Society of the Pima County Bar Association, brought suit seeking an absolute divorce. With the divorce complaint, petitioner filed a motion to waive filing fees and costs and for leave to proceed *in forma pauperis* accompanied by a supporting affidavit by petitioner as plaintiff. Through the motion and supporting affidavit, the petitioner sought an order from the superior court directing that the clerk of the Pima County Superior Court accept her complaint for filing without payment of the filing fee and that the clerk effect service of process on the defendant by publication under Ariz.R.Civ.P. 4(e) (1), 16 A.R.S., as amended, and that the Pima County Superior Court provide a court reporter to prepare and file a certified transcript of any hearing relating to the judgment pursuant to Ariz.R.Civ.P. 55(f). The requested order would have provided that all filing fees, costs and service of process and all costs for the transcription of any proceedings connected with the divorce action "are hereby waived and that the plaintiff is hereby granted leave to proceed *in forma pauperis.*"

Upon reviewing the petitioner's motion and supporting documents and the proposed order, the trial judge concluded that in view of the petitioner's indigency the filing fee should be waived but further concluded that the trial court did not have authority to exempt petitioner from costs of service of publication and the services of a court reporter for a certified transcript. The court then filed an order providing that the petitioner could file her complaint for divorce without paying the filing fee, but denying the petitioner's motion for waiver of the costs for service by publication and of the services of a court reporter.

The petitioner's position in this special action is that the respondent's order denying the motion to waive costs of service by publication and the costs of the services of a court reporter for the certified transcript constitutes failure to exercise discretion which the respondent judge has a duty to exercise, or in the alternative constitutes a failure to perform a duty required by law and as to which he has no discretion.

We believe that the issues in this special action have effectively been decided by the United States Supreme Court in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). In *Boddie*, the appellants, welfare recipients of the State of Connecticut, challenged certain state procedures for the commencement of litigation including payment of court fees and costs for service of process. In sustaining the appellants' challenge, the court noted the basic importance of marriage in our society and the fact that although there are many legal relationships that can be entered into and dissolved without the imprimatur of the state, this was not so in the case of divorce. A divorce can only be legally accomplished by invoking the state's judicial machinery. The court then states:

"Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." 401 U.S. at 377, 91 S.Ct. at 785, 28 L.Ed.2d at 118.

*Boddie* further instructs us that (1) a state rule or statute generally valid may be unconstitutional on its application to certain individuals when it deprives those individuals of protected rights; (2) the right to be heard must be protected against denial by particular laws that operate to jeop-

ardize it for particular individuals; and (3) a cost requirement valid on its face, may offend due process because it operates to foreclose a particular opportunity to be heard.

Although the issue of payment of publication costs was not directly before the court, it said:

"In the same vein we think that reliable alternatives exist to service of process by a state-paid sheriff if the State is unwilling to assume the cost of official service. This is perforce true of service by publication which is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings. [Citation omitted]. We think in this case service at defendant's last known address by mail and posted notice is equally effective as publication in a newspaper."[1] 401 U.S. at 382, 91 S.Ct. at 788, 28 L. Ed.2d at 121.

The rules for substituted service in this state upon a defendant whose whereabouts are unknown do not provide for any other alternative than publication and the preparation of a certified copy of the transcript of the hearing related to the judgment. Ariz.R.Civ.P. 55(f). Thus, the state by the fabric of its rules denies petitioner the full access to the court which *Boddie* mandates.

Lacking rule making authority by virtue of Ariz.Const. art. 6, § 5, para. 5, A.R.S., as amended, we are somewhat hampered in coping with the problem in this case. We cannot change the rules and allow the type of notice suggested by *Boddie* as being adequate. We can only do the next best thing.

Until the Arizona Supreme Court is afforded the opportunity to consider the problem before us and pass on the matter as it deems appropriate, we are obliged to afford the petitioner complete access to the legal relief required in conformity with the *Boddie* ruling.

Therefore it is ordered that the superior court authorize the cost of publication and in the event the defendant fails to file an answer, the cost of a reporter's transcript upon hearing as requested by the petitioner.

It is further ordered that the superior court order payment of such costs as a county charge and that it make such other and further orders as are necessary for the expeditious handling of this matter.

HOWARD and HAIRE, JJ., concur.

---

1. Conn.Gen.Stats.Ann. § 46–17 provides in part:
   "On a complaint for divorce when the adverse party resides out of or is absent from the state or the whereabouts of the adverse party is unknown to the plaintiff, any judge or clerk of the supreme court of errors or of the superior court or any county commissioner may make such order of notice *as he deems reasonable.*" (Emphasis added.)