MONROE *v.* MONROE.

(No. A-728092—Decided November 30, 1972.)

Common Pleas Court of Hamilton County, Division of Domestic Relations.

*Mr. Eric D. Eberhard* and *Mr. Donald R. Stacy*, for plaintiff.
No appearance for defendant.

NICHOLAS, J. This matter came before the court on the plaintiff's motion for waiver, or county payment of the costs of service by publication, or, in the alternative, adoption of service by registered mail at the defendant's last known address. At the hearing on the motion, the plaintiff testified that she has been a resident of Ohio for approximately three years. At no time during those three years did the plaintiff live in the marital relation with the defendant.

The plaintiff further stated that she is the mother of four children. Her sole source of income is a monthly check in the amount of $221.00 under the Aid for Families with Dependent Children program. The plaintiff does not own a house, car, or any stocks or bonds. Further, the plaintiff does not have either a checking or savings account.

She testified that if she was required to pay the cost of service by publication in the amount of $29.95, she would be forced to deprive herself and her children of the necessities of life, including food, shelter, and clothing. Finally,

the plaintiff testified that she did not know her husband's present address. For a further statement of the facts which have given rise to the plaintiff's good faith complaint for divorce, see *Monroe* v. *Monroe* (1972), 32 Ohio Misc. 129, 131.

The Revised Code does not contain any provision which would either require or permit this court to waive or order county payment of the costs of publication for an indigent plaintiff in a divorce action. R. C. 2323.31 directs the clerk to file a complaint without requiring prepayment of costs if a poverty affidavit is filed. However, this section does not expressly provide for waiver or county payment of the cost of service by publication, if such service is necessary. Moreover, Rule 4.4 of the Ohio Rules of Civil Procedure does require service by publication in this case.

Rule 54 of the Rules of Civil Procedure would permit this court to tax the losing party for costs; however, this rule is of little benefit to the indigent plaintiff who does not have the ability to pay the cost of service by publication and, therefore, cannot initiate the action. Moreover, Rule 54 assumes that the defendant is before the court and is himself able to pay the costs.

With this background on the status of the existing state law, counsel for the plaintiff has filed a memorandum in support of the plaintiff's motion, which relies heavily upon the United States Supreme Court's decision in the case of *Boddie* v. *Connecticut* (1971), 401 U. S. 371. The plaintiffs in *Boddie* were welfare recipients who had attempted to bring divorce actions in the courts of the State of Connecticut without the prepayment of court fees and costs. The state courts refused to order waiver of the filing fees and costs of service of process. In the Supreme Court, the state argued that the result reached by the Connecticut courts was proper because (1) the state has a substantial interest in the prevention of frivolous litigation, (2) the state's use of court fees and service costs is a rational allocation of scarce resources, and (3) the state's balance between the defendant's right to notice and the plaintiff's right to access is reasonable. The Supreme Court re-

jected each of these arguments and found that the *Boddie* plaintiffs had been denied due process. The court held that the plaintiffs' right of access to the courts was sufficient to override each of the contentions raised by the state (401 U. S. at 381).

In rejecting the resource allocation argument, the court placed heavy emphasis on the fact that the plaintiffs were compelled to resort to the courts as the only means of dissolving the marital relation. The imposition of court fees and service costs thus denied to the plaintiffs their only meaningful opportunity to be heard.

"Given the basic position of the marriage relationship in this society's hierarchy of values and concomitant state monopolization of the means for legally dissolving this relationship, due process does prohibit the state from denying, solely because of the inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages." 401 U. S. at 374.

Following the Supreme Court's decision in the *Boddie* case, the issue of waiver or county payment of the cost of service by publication has been raised in several states. In Arizona, the Court of Appeals directed the Supreme Court to authorize the payment of publication costs as a public charge, *Hart* v. *Superior Court*, C. C. H. Pov. L. Reptr. Paragraph 14,226 (February 7, 1972). A similar result was reached in the case of *Joyner* v. *Maryland*, C. C. H. Pov. L. Reptr. Paragraph 13,240 (June 4, 1971), where the indigent plaintiff argued that she would be denied access to the courts if she were required to pay court costs and the cost of service by publication. Citing the *Boddie* case, the *Joyner* court ordered the state of Maryland to pay the cost of publication.

In *McCandless* v. *McCandless*, C. C. H. Pov. L. Reptr. Paragraph 14,371 (March 20, 1972) the Appellate Division of the New York Supreme Court held that the *Boddie* decision required the county to bear the cost of service by publiciaton. This result was reached despite the fact that the court found that there was not a specific state statute which authorized county payment of publication costs. Accord,

*Matter of Bartsch*, C. C. H. Pov. L. Reptr. Paragraph 15,578 (June 13, 1972) and *Dorsey* v. *New York City*, C. C. H. Pov. L. Reptr. Paragraph 662.821 (1972), *Lancer* v. *Lancer*, C. C. H. Pov. L. Reptr. Paragraph 16,235 (N. Y. S. Sup. Ct. October 31, 1972).

Where, as here, the plaintiff is a recipient of public assistance and cannot pay the costs of service by publication without depriving his or her family of the necessities of life, it is the opinion of this court that the decision in the *Boddie* case requires the county to pay for the cost of service by publication. To hold otherwise would place this court in direct conflict with the Supreme Court's holding in *Boddie*:

"Thus we hold only that a state may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed by doing so." 401 U. S. at 383.

The plaintiff in the instant case has filed an affidavit evidencing her inability to pay and it appears that the only available remedy is to order county payment of the cost of service by publication.

It is, therefore, hereby adjudged, ordered and decreed that Hamilton County shall pay the cost of service by publication in the amount of $29.95.

*Judgment accordingly.*