MARGIE KING, Plaintiff-Appellant, *v.* WILLIAM LOUIS KING, Defendant-Appellee.

(No. 12590;

Fourth District—September 5, 1974.

Eugene M. Thirolf, of Land of Lincoln Legal Assistance Foundation, Inc., of Champaign, for appellant.

No appearance for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff filed a complaint to obtain a divorce. A motion to proceed as a poor person was filed in which she stated that she was unable to pay filing fees or other costs relating to her action, including the cost of serving her husband, a non-resident, by publication. The trial court entered an order that the county of Champaign be made a party defendant and entered an order allowing the requested waiver of fees and costs except for the costs of publication. The plaintiff attempted an appeal of that order. The county, by a general appearance, sought to be dismissed as a party defendant in this court.

We remanded this case to the circuit court to consider certifying a question of law in accordance with the provisions of Supreme Court Rule 308 (Ill. Rev. Stat. 1971, ch. 110A, ¶ 308). The court did so and certified to us the following question:

"Is the Plaintiff, who is a poor person within the meaning of Ill. Rev. Stat. Ch. 33 § 5 (1971), entitled to a waiver of the cost of service by publication against the Defendant by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1 § 2 of the 1970 Constitution of Illinois in that Plaintiff is being denied redress in the courts because she is poor?"

Thereafter, this court granted leave to appeal.

The certified question is answered in the affirmative.

In *Boddie v. Connecticut*, 401 U.S. 371, 28 L.Ed.2d 113, 91 S.Ct. 780, the United States Supreme Court held that denial of access of the courts by the requirement of court fees and service of process fees for indigent divorced plaintiffs violated the fourteenth amendment to due process rights of such plaintiffs. The court stated:

> "Our conclusion is that, given the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship, due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages." (401 U.S. at 374, 28 L.Ed.2d at 116-117.)

Further, with reference to service by publication, the court said:

> "In the same vein we think that reliable alternatives exist to service of process by a state-paid sheriff if the State is unwilling to assume the cost of official service. This is perforce true of service by publication which is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings. See *Mullane v. Central Hanover Tr. Co.*, supra. [339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652.] We think in this case service at defendant's last known address by mail and posted notice is equally effective as publication in a newspaper." (401 U.S. at 382, 28 L.Ed.2d, at 121.)

In this case, the trial court observed that the plaintiff cannot obtain a divorce from the defendant unless and until the plaintiff served the defendant pursuant to the requirements of section 14 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, ¶ 14). Plaintiff is thus effectively barred from a judicial remedy relative to a fundamental human relationship in the face of state monopolization of the means of dissolving that relationship. In our view this is expressly within the proscription of *Boddie*. In *Monroe v. Monroe* (Ct. C.P.), 33 Ohio Misc. 223, 294 N.E.2d 250, 252, 62 Ohio Op.2d 370, 371, the court stated:

> "Where, as here, the plaintiff is a recipient of public assistance and cannot pay the cost of service by publication without depriving his or her family of the necessities of life, it is the opinion of this court that the decision in the *Boddie* case requires the county to pay for the cost of service by publication. To hold otherwise would place this Court in direct conflict with the Supreme Court's holding in *Boddie*;  *  *  *."

See also *Deason v. Deason*, 32 N.Y.2d 93, 343 N.Y.S.2d 321, 296 N.E.2d 229; 8 Harv. Civ. Rights—Civ. Lib. L. Rev. 571, *et seq.* (1973).

The State of Florida has reached the same conclusion with reference

to publication costs as a condition precedent to court access in an adoption case. *Grissom v. Dade County* (Fla.), 293 So.2d 59.

Although the plaintiff relies upon the provisions of sections 5 and 6 of the statute on costs (Ill. Rev. Stat. 1973, ch. 33, ¶¶ 5, 6), we need not engage in consideration or discussion of these sections since in our view regardless of the construction, the issue presented by the certified question is determined by constitutional mandate without reference to the statute on costs. Accordingly, the motion to dismiss this appeal is denied; the certified question is answered in the affirmative; and this cause is remanded to the circuit court of Champaign County for further proceedings consistent with the views set forth in this opinion.

Remanded with directions.

SMITH, P. J., and SIMKINS, J., concur.