Mary Beverly JOHNSON, Appellant,

v.

James R. JOHNSON, a/k/a Philip Johnson, a/k/a James Ronald Johnson, Jr., Appellee.

No. 7759.

District of Columbia Court of Appeals.

Argued Nov. 27, 1973.

Decided Dec. 10, 1974.

————◆————

Edward E. Schwab, Washington, D. C., with whom Eleanor Hellrung and Andrew

T. Moss, Washington, D. C., were on the brief, for appellant.

No appearance for appellee.

Before REILLY, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

The simple facts of this appeal are that upon appropriate motion appellant, a welfare recipient, was allowed by the trial court to proceed in forma pauperis in her attempt to secure a divorce based upon a voluntary separation for one year without cohabitation.[1] Later, when she was unable to effect service of the summons and complaint upon her husband, who had disappeared, appellant filed a "motion to reduce publication requirement to one newspaper." She said in her motion that she would be unable to raise the amount necessary to pay the cost of publication in the Washington Afro-American, the least expensive newspaper for publication.[2] She could not raise funds to also publish in The Washington Law Reporter as, absent special circumstances, is required by Superior Court Domestic Relations Rule 4(j). Appellant alleged that if the requested relief were denied she would be unable to pursue her divorce action. The court denied the motion without comment. We reverse.

Rule 4(j) of the Domestic Relations Branch reads:

*Service by Publication.* Notices relating to proceedings in this Division of which publication is required shall be published in the Washington Law Reporter for the prescribed time in addition to any other newspaper or periodical specifically designated by the Court. If it is shown to the satisfaction of the Court that an undue hardship would be incurred by the requirements of this section it may order notices to be published in any

1. Appellant was also allowed to proceed in forma pauperis on appeal. The record reflects that she receives public assistance payments of $286.00 a month for herself and her four children. She estimated her monthly expenses to be $292.00.

2. In her appeal brief appellant states that the cost of publication in The Washington Law Reporter is $42.50 as opposed to the Washington Afro-American's cost of $35.00. The grant of the motion would thus have reduced her cost of publication from $77.50 to $35.00.

other manner deemed appropriate within D.C.Code, 1967 Edition, § 13–340. . . .[3]

The rule by its provisions allows the trial court a measure of discretion when ordering publication.[4] And while there is in this jurisdiction no definitive interpretation of the rule as it applies to indigent plaintiffs, the Circuit Court of Appeals has said that

> [w]here publication is required, the court, unless the situation otherwise dictates, should order publication only for the minimum number of times fixed by statute and in the most economical form of suitable publication. The publication statute does not specify in what kind of newspapers the notice must appear, in fact it only states the order shall be "published." Heretofore, court orders have required publication in at least one newspaper of general circulation in the District and General Sessions Rule 4(d) requires publication as well in the Washington Law Reporter. If the most economical form of publication was used in indigency cases, the publication cost would be materially reduced. We see no reason why the court should not do so in the ordinary *in forma pauperis* case. Thus the way is open to the court to reduce the publication costs materially. [Footnotes omitted.][5]

There is no question in this case that appellant is an indigent. As such she was allowed to proceed in forma pauperis on her complaint for absolute divorce in recognition of her right of free access to the courts as a matter of due process. Boddie

v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). She did not seek a complete waiver of publication costs, but relied instead upon Harris v. Harris, 137 U.S.App.D.C. 318, 424 F.2d 806, cert. denied, 400 U.S. 826, 91 S.Ct. 50, 27 L.Ed.2d 55 (1970), and Super.Ct.Dom.Rel.R. 4(j) to support her application for an order limiting publication to one newspaper and excepting publication in The Washington Law Reporter. It is therefore unnecessary to go beyond the limits of the question raised here.[6]

Appellant made a bona fide attempt to comply with the publication requirements of the trial court's rules, asking only that because of her indigency she be given the benefit of the "undue hardship" proviso of Rule 4(j). The ruling of the trial court which denied her that right is clearly contrary to the rationale underlying the decisions which hold that an indigent litigant's access to the court to obtain a divorce may not be barred by financial considerations, including publication costs. Boddie v. Connecticut, *supra*; Harris v. Harris, *supra*; Cabillo v. Cabillo, D.C.App., 317 A.2d 866 (1974). Under these circumstances, therefore, it was error to deny appellant's motion for an order of limited publication.

Reversed.

REILLY, Chief Judge (concurring specially):

In view of the movant's financial condition, I tend to agree that the trial court might have alleviated part of the financial

3. D.C.Code 1973, § 13–340 provides:
   (a) An order of publication shall be published at least once a week for three successive weeks, or oftener, or for such further time as the court orders.

4. The explanatory note to Super.Ct.Dom.Rel. R. 4(j) reads:
   " . . . *Section (j) has been added to specify how publications shall be made with a proviso to reduce rigidity where such form of service must be utilized in forma pauperis cases.* [Italics in original.]

5. Harris v. Harris, 137 U.S.App.D.C. 318, 325, 424 F.2d 806, 813, cert. denied, 400 U.S. 826, 91 S.Ct. 50, 27 L.Ed.2d 55 (1970).

6. For state cases dealing with payment of publication costs decided subsequent to Boddie v. Connecticut, *supra, see* Deason v. Deason, 32 N.Y.2d 93, 343 N.Y.S.2d 321, 296 N.E.2d 229 (1973); Thompson v. Thompson, 286 N.E.2d 657 (Ind.1972); Hart v. Superior Court of Pima County, 16 Ariz.App. 184, 492 P.2d 433 (1972); Monroe v. Monroe, 33 Ohio Misc. 223, 294 N.E.2d 250 (1972).

hardship under the discretion vested in it by the second sentence of Super.Ct.Dom. Rel.R. 4(j) by dispensing with publication in a second newspaper. I take it that if the court had issued an order requiring publication only in The Washington Law Reporter, the periodical specified in Rule 4(j), we would recognize that such an order was well within the scope of its discretion as the difference in cost between publication in the Reporter and the paper preferred by the movant was only $7.50. No showing was made of inability to pay this difference.