**JOSEPHINE MULRAIN, Plaintiff**

**v.**

**GEORGE DAVID LLOYD MULRAIN, Defendant**

## Family No. 281/1977

## Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

## March 17, 1978

ALLAN M. TOW, ESQ., Legal Services of the Virgin Islands, St. Thomas, V.I., *for plaintiff*

IVE A. SWAN, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for the government*

PETERSEN, *Judge*

## MEMORANDUM OPINION

The plaintiff, aged 70, an indigent, by and through her attorneys, Legal Services of the Virgin Islands, brought an action seeking an absolute divorce. With the divorce complaint, the plaintiff filed a motion and supporting affidavits asking leave to proceed in forma pauperis. The plaintiff also filed a motion and supporting affidavit asking leave to serve the defendant by substituted service of process, by having a copy of the summons and complaint posted in a suitable location for four (4) consecutive weeks. In the alternative, she requested that the court direct the Government of the Virgin Islands to finance the cost of publication.

Plaintiff's affidavit alleges that the respondent's last known address was the marital home of the parties in St. Thomas, Virgin Islands, and that the present whereabouts of the respondent are unknown. The affidavit therefore alleges that personal service pursuant to Rule 4 of the Federal Rules of Civil Procedure cannot be made upon the respondent.

On May 2, 1977, the court granted the plaintiff's request to proceed in forma pauperis pursuant to 4 V.I.C. § 513(a). On June 17, 1977, the court entered an order requiring that the Government of the Virgin Islands finance the cost of publication. On June 27, 1977 the Government of the Virgin Islands, through the Office of the Attorney General requested oral argument and reconsideration of this court's Order of June 17, 1977. On July 11, 1977, counsel for the plaintiff and for the Government appeared before the court on oral argument, at which time both parties were required to file supplemental memoranda of law. On October 3, 1977, the court received the plaintiff's supplemental memorandum of law. No memorandum was ever submitted by the Government of the Virgin Islands.

533

At oral argument the attorney for the Government of the Virgin Islands contended that the Government should not be required to pay the cost of publication, and that the court has pursuant to 4 V.I.C. § 243(8) inherent power to permit the plaintiff to proceed by simply posting a notice in a suitable place for four (4) consecutive weeks. He further contended that if the Government were required to pay the cost of publication in all such cases, it would impose an undue burden upon the already scarce resources of said Government.

■ Upon reviewing the plaintiff's motion, supporting affidavit, and memorandum of law, and after considering the arguments of counsel, and being convinced in the premises, the court herein restates its prior position that the Government should be required to pay the costs of publication incurred by the plaintiff in this action, effectively providing substituted service by publication thereby pursuant to 5 V.I.C. § 112.

## I.

For guidance in this case it is essential that this court consider and apply the ruling of the United States Supreme Court in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 790, 28 L.Ed.2d 113 (1971). In Boddie, the appellants, welfare recipients of the State of Connecticut, challenged certain state procedures for the commencement of Court litigation, including payment of court fees and costs for service of process. In sustaining the appellants' position, the Court noted the basic importance of marriage in our society and the fact that divorce, unlike many legal relationships, cannot be effected without the imprimatur of the state. Where such dependence upon the judicial machinery of the state exists, the Court noted:

Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard.

401 U.S. at 377.

Boddie makes it explicitly clear that: (1) a state rule or statute generally valid may be unconstitutional in its application to certain individuals when it deprives those individuals of protected rights; (2) the right to be heard must be protected against denial by particular laws that operate to jeopardize it for particular individuals; and (3) a cost requirement valid on its face may offend due process because it operates to foreclose a particular opportunity to be heard.

In Boddie, the "fees and costs" to which appellants objected included a filing fee and a fee for the service of process by the sheriff. In the instant case, an auxiliary expense is involved—publication cost, i.e., an expense payable by the plaintiff to a third person other than a public officer. The effect of indigency is, however, the same in each case—denial of access to the courts—and, thus, the rationale of Boddie must control.

Although the issue of payment of publication costs was not directly before the Court in Boddie, it further stated:

In the same vein we think that reliable alternatives exist to service of process by a state-paid sheriff if the state is unwilling to assume the cost of official service. This is perforce true of service by publication which is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings. (Citations omitted.) We think in this case service at *defendant's last known address by mail and posted notice* is equally effective as publication in a newspaper.

401 U.S. at 382. (Emphasis supplied.)

535

The exclusive Virgin Islands statute authorizing substituted service upon a defendant whose present whereabouts are unknown does not provide for any alternative other than publication. Section 112 of Title 5 of the Virgin Islands Code provides that service on a defendant in a divorce action must be made by publication in a newspaper when service of the summons cannot be made personally and the defendant's whereabouts are unknown.

Since this plaintiff cannot proceed with her complaint unless and until the defendant is served pursuant to 5 V.I.C. § 112, it is obvious that plaintiff would be barred from a hearing on its request for judicial relief if some means were not found for complying with that statutory imperative. The very meaning of Boddie—as well as the intent of the Supreme Court in protecting the access of indigents to the judicial process—would be frustrated if the plaintiff's prayer for relief were to be denied, without hearing, simply and solely because of her inability to pay publication costs.

The court finds strong support for payment by the State of publication fees where the fact of a petitioner's indigency and the *exclusive* necessity of access to the courts for relief coincide. In Monroe v. Monroe, 33 Ohio Misc. 223, 294 N.E.2d 250 (1972) it is stated:

> Where, as here, the plaintiff is a recipient of public assistance and cannot pay the costs of service by publication without depriving his or her family of the necessities of life, it is the opinion of this Court that the decision in the Boddie case requires the county to pay for the cost of service, by publication. To hold otherwise would place this Court in direct conflict with the Supreme Court's holding in Boddie.

294 N.E.2d at 252. See also Deason v. Deason, 296 N.E.2d 229 (N.Y. 1973) (Ct. of Appeals held that due process required the state to pay for publication absent any provision by statute of permissible exception to such payment).

The state of Florida was similarly held responsible for payment of publication costs where access to the court in adoption matters was conditioned on publication. Grissom v. Dade County, 293 So.2d 59 (Fla. 1974). Where, in the absence of personal service, substituted service by publication is a statutory prerequisite to a hearing, the court therefore concludes that both case law and the due process considerations noted by the Supreme Court in Boddie support the court's order that the Government of the Virgin Islands pay publication costs of the plaintiff herein.

## II.

■ The Government has suggested that this court need not adopt the sole alternative means of service other than personal service provided by statute in 5 V.I.C. § 112, i.e. service by publication. It contends rather that an inherent power exists in the court pursuant to 4 V.I.C. § 243(8),[1] under which it should allow mere posting of the notice of hearing to suffice as service of process to the defendant. The court rejects this contention absolutely, for its failure to consider the purpose of substituted service, its inattention to the reason why this court is restricted by statute to one, carefully calculated, alternative where personal service is not possible, and finally because of its failure to execute the directive of the Supreme Court that notice be as effective as possible within economic feasibility.

■ It has long been the rule that actual receipt of process is not the test for adequacy of service under either due process or the full faith and credit clause, but rather

---

[1] 4 V.I.C. § 243(8) provides:
Every court shall have power:
. . .
(8) To amend and control its process and orders so as to make them conformable to law and justice.

whether reasonable steps had been taken to give an adverse party notice as to bind him. Moreover, it has been held that where the means of notice used is not calculated to apprise an individual of the pendency of an action, the court entertaining that action will not obtain jurisdiction over that person and any resulting decree will have no binding effect. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); see also Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942). In the Williams case the Supreme Court stated:

[e]ach state by virtue of its command over its domiciliaries and its large interest in the institution of marriage can alter within its own borders the marriage status of the spouse domiciled there, even though the other spouse is absent. There is no constitutional barrier if the form and nature of the substituted service ... meet the requirements of due process.

63 S.Ct. 213, citing Milliken v. Heyer, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1941), and Atherton v. Atherton, 181 U.S. 155, 21 S.Ct. 544, 45 L.Ed. 794 (1901).

Service of process by means of publication alone has itself long been constitutionally suspect. See, e.g., Polansky v. Richardson, 351 F.Supp. 1066 (E.D.N.Y. 1972). In the landmark case of Mullane v. Central Hanover Trust Co., supra, the court clearly defined its difficulty with publication, as an effective form of notice in every case, even though this had become an accepted method of substituted service.

It would be idle to pretend that publication alone as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts ... chance *alone* brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him

are large indeed . . . in weighing its sufficiency on the basis of equivalence with actual notice we are unable to regard this as more than a feint.

339 U.S. at 315. The court in Mullane suggested that mailing a certified copy of the summons to a party's last known address, in addition to publication, would enhance the sufficiency of notice. That suggestion has in fact been adopted in 5 V.I.C. § 112.

Mullane clearly establishes that there are certain circumstances under which publication, as a means calculated to give notice, is suspect. Ergo, the court fails to see how the simple posting of a notice of hearing—with all its inherent weaknesses[2]—can be anything but suspect here. Certainly it cannot be said to be more likely to give notice to a responding party than would publication; in fact, it would almost guarantee to give less. Under these circumstances the court can find no reason to adopt the Government's plea that posting be considered sufficient notice to the defendant herein, and must therefore reject it.

### III.

The court notes in conclusion its appreciation of the limited resources of the Government of the Virgin Islands, and further its appreciation of the Office of the Attorney General in recognizing those financial limitations. Whether or not the decision of this court to compel the Government to pay the plaintiff's publication costs will, in fact, result in a deluge of actions all involving publication costs which the Government must defray, is presently more a matter for speculation than concern. In any case, the court concludes that emphatic decisions of the Supreme Court and courts of other jurisdictions, all affirming the constitutional tenet of access to the courtroom without

---

[2] One can readily realize how quickly and often documents are removed from public facilities by our oftentimes insensitive public.

regard to financial capacity support its conclusion that the Government must pay for those publication costs required of the plaintiff by 5 V.I.C. § 112. The rights of the plaintiff to hearing in this case are an outstanding consideration, and hold priority over the speculative financial concerns voiced by the Government.

The Order of the court issued June 17, 1977, requiring the Government of the Virgin Islands to finance the cost of publication of notice made by plaintiff pursuant to 5 V.I.C. § 112, will therefore stand.