Jasen, J.
Plaintiff and her two-year-old son are recipients of public assistance in Albany County. Their total monthly income is $220 and plaintiff owns no real property or personal property, other than household belongings. Desirous of obtaining a divorce on the ground of abandonment, the plaintiff made a motion to proceed as a poor person and to compel the County of Albany to pay certain expenses of her divorce action, including the cost of service of a summons by publication. The motion was denied by Special Term and the Appellate Division, Third Department, reversed and granted the motion.
The issue tendered by the parties — whether in a matrimonial action an indigent’s publication costs should be borne by the State or the local governing unit — has evenly divided the Appellate Divisions. (Deason v. Deason, 39 A D 2d 331 [3d Dept.] [County]; McCandless v. McCandless, 38 A D 2d 171 [4th Dept.] [County]; Albino v. City of New York, 39 A D 2d 853 [1st Dept.] [State] ; Jeffreys v. Jeffreys, 38 A D 2d 431 [2d Dept.] [State].)
In Boddie v. Connecticut (401 U. S. 371), the Supreme Court decided that the Due Process Clause of the Fourteenth Amendment prohibits a State from denying indigent divorce plaintiffs access to the courts solely on the basis of the inability to pay court fees and costs. In Boddie, the “ fees and costs ” included a filing fee and a fee for the service of process by the Sheriff. In the instant case, an auxiliary expense is involved — publication cost—i.e., an expense payable by the litigant to a third person *95 other than a public officer. The effect of indigency is, however, the same in each case — denial of access to the courts — and, thus, we deem the rationale of Boddie controlling.
Boddie did not, of course, decide whether State or local government should bear such costs. Nor has the Legislature spoken to the issue. However, whether viewed as an appropriate charge on the welfare budget or an impermissible charge of litigation expenses on the indigent, the burden seems applicable, in the absence of legislation, to the local government. We are, therefore, of the view that this is properly a responsibility of the local governing unit—i.e., the county or, in the City of New York, the city—and, accordingly, we affirm the order of the Appellate Division. (Cf. CPLR 1102, subd. [b]; County Law, art. 18-B, § 722-e; CPL 460.70, subd. 1; [former] Mental Hygiene Law, § 77; see Jeffreys v. Jeffreys, 58 Misc 2d 1045, 1046-1051, revd. 38 A D 2d 431, supra; see, also, People v. Pride, 3 N Y 2d 545, 550-551.)
We are not unmindful, however, of the cost of publication in a matrimonial action and the burden it may impose on local government. Our affirmance is, therefore, without prejudice to the parties, if so advised, to apply for a determination whether, in a matrimonial action, judicially devised service (CPLR 308, subd. 5) is available as an alternative to service by publication. (See, also, Domestic Relations Law, § 232; Albino v. City of New York, 39 A D 2d 853, supra [Kupferman and Murphy, JJ., concurring]; Prince v. Prince, 69 Misc 2d 410; McLaughlin, Trends and Developments in New York Trial Practice, N. Y. L. J., April 14, 1972, p. 4, col. 1; 11 Zett-Edmonds-Schwartz [Weinstein-Korn-Miller], N. Y. Civ. Prac., § 5.01, subd. [2].)
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Fuld and Judges Burke, Breitel, Gabrielli, Jokes and Wachtler concur.
Order affirmed.