D. Vincent Cerrito, J.
The plaintiff previously moved before this court for permission to proceed as a poor person in this matrimonial action, which motion was granted because of her indigency. (CPLR 1101.) As part of the court’s order, the County of Schenectady was directed to pay all of the fees and cost incurred in this proceeding and Jeremiah Hinden, Esq., was assigned to represent the plaintiff. (CPLR 1102; Deason v Deason, 32 NY2d 93.) Mr. Hinden has now moved for an order directing the County of Schenectady to pay him a reasonable sum for legal services rendered to the plaintiff.
Mr. Hinden has based this motion upon two cases, Boddie v Connecticut (401 US 371) and Deason v Deason (supra). In Boddie, the Supreme Court held that the Fourteenth Amendment prohibits a State from denying indigent divorce plaintiffs access to the courts solely on the basis of their inability to pay court fees and cost. The Court of Appeals in Deason decided that the cost of serving a summons by publication in a matrimonial action is a county charge because the failure to assume such expense would be to deny an indigent access to the courts. These holdings are inapplicable here because the *631 question of access is not present since it is the court’s duty and the Bar’s obligation to provide counsel to the indigent.
While the court recognizes the onerous task it imposes upon the Bar with these assignments, it cannot, in the absence of statutory authority for the payment of assigned counsel in matrimonial actions and the appropriation of funds to implement such authority, direct payment of counsel fees in this instance. (Jacox v Jacox 43 AD2d 716.) Until there is such authority, counsel must be provided by the Bar through the personal obligation of its members, traditionally recognized, to willingly accept assignments made by the Bench and to help those who cannot afford financially to help themselves. (Jacox v Jacox, supra.)
Motion denied, without cost.