Nellie Frances DUNGAN, Appellant,

v.

Robert Daniel DUNGAN, Appellee.

Evelyn Tolbert OVERALL, Appellant,

v.

Willie Floyd OVERALL, Appellee.

Supreme Court of Tennessee.

April 2, 1979.

Thad M. Guyer, Memphis Area Legal Services Inc., Covington, for appellant.

William M. Leech, Jr., Atty. Gen., Jim G. Creecy, Asst. Atty. Gen., Nashville, intervenor for State.

## OPINION

FONES, Justice.

These two cases were consolidated on appeal to dispose of a common issue. In the wake of *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), the judiciary has two choices in providing access to the courts for indigent plaintiffs in divorce cases, where the defendant's residence is unknown and cannot be ascertained upon diligent inquiry. The question is whether the courts should order the State to pay newspapers for service by publication or authorize a less costly method of substitute service of process that satisfies due process of law.

Both plaintiffs sued for divorce in the chancery court of Tipton County upon pauper's oaths, as provided for in T.C.A. § 20–1629. Both plaintiffs alleged that "the residence of defendant is unknown and cannot be ascertained upon diligent search and inquiry", giving rise to the necessity of service of process by newspaper publication, in accord with our statutes and rules.[1]  *See*

---

1.  T.C.A. § 20 235(g), the recent addition to the Tennessee *long-arm statute (Ch. 715, Tenn.Pub. Acts of 1978)* now provides:

"Any action of divorce, annulment or separate maintenance where the parties lived in the marital relationship within this state, not-

T.C.A. §§ 36–807, 36–808, 21–212(5), 21–214, and T.R.C.P. 4.05.

Plaintiffs, by motion, asked the trial court to order service by publication and that the fifty-dollar newspaper publication fee be paid or otherwise discharged by the clerk and master. The trial judge denied the motions on the grounds that the State Constitution prohibited the judicial appropriation of State or county revenues for the payment of the publication costs and that authorization of substitute service of process would be "statutorily or constitutionally infirm" because service of process by publication was, in his opinion, an essential prerequisite to a valid divorce decree.

On appeal, plaintiffs insist that the Due Process Clause of the fourteenth amendment to the federal constitution requires the State to pay the newspaper publication fee or that the court authorize an alternative form of constitutionally permissible constructive service of process. The Attorney General has intervened to defend the constitutionality of the challenged statutes.

In *Boddie* the indigent plaintiffs in divorce actions were denied access to the Connecticut courts because they were unable to pay court fees and costs of service of process, a statutory condition precedent to filing and obtaining relief.

The Supreme Court, speaking through Mr. Justice Harlan, said:

> "Our conclusion is that, given the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship, due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages." 401 U.S. at 374, 91 S.Ct. at 784.

The Court limited the scope of its holding as follows:

> "[W]e wish to re-emphasize that we go no further than necessary to dispose of the case before us, a case where the *bona fides* of both appellants' indigency and desire for divorce are here beyond dispute. We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual, for, as we have already noted, in the case before us this right is the exclusive precondition to the adjustment of a fundamental human relationship." 401 U.S. at 382–83, 91 S.Ct. at 788.

Since *Boddie* a number of our sister states have considered the question of whether the courts should order state or county governments to pay newspaper costs or authorize a less costly method of constructive service of process that satisfies constitutional due process requirements.

Under the compulsion of *Boddie,* some courts have ordered payment of newspaper publication fees to clear the way for indigent plaintiffs to proceed in divorce cases.[2] We do not think it appropriate to adopt that course in Tennessee. We agree with the observation of the Supreme Court of Washington in *Ashley v. Superior Court,* 82 Wash.2d 188, 509 P.2d 751, 755 (1973), to the effect that it is one thing for the judiciary to waive clerk's fees, etc. charged litigants by the courts already existing and functioning with appropriated public funds as required, and quite another thing to order the payment of public money to newspapers for service by publication.

---

withstanding one party's subsequent departure from this state, as to all obligations arising for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state."

But that statute is not available when the residence of the defendant is unknown and cannot

be ascertained upon diligent inquiry. T.C.A. § 21–212(5).

**2.** *E. g., Hart v. Superior Court,* 16 Ariz.App. 184, 492 P.2d 433 (1971); *Deason v. Deason,* 32 N.Y.2d 93, 343 N.Y.S.2d 321, 296 N.E.2d 229 (1973); *Monroe v. Monroe,* 33 Ohio Misc. 223, 294 N.E.2d 250 (1972).

The particular means of making access to courts available to indigents is not mandated in *Boddie* —only that due process prohibits denial of access solely because of inability to pay state-imposed fees. In fact, the Supreme Court suggested an alternative to service by publication:

"[W]e think that reliable alternatives exist to service of process by a state-paid sheriff if the State is unwilling to assume the cost of official service. This is perforce true of service by publication which is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings. See *Mullane v. Central Hanover Bank & Trust Co.*, [389 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865,] *supra*. We think in this case service at defendant's last known address by mail and posted notice is equally effective as publication in a newspaper." 401 U.S. at 382, 91 S.Ct. at 788.

Several states have pursued that suggested course, and some have found existing statutory language, express or implied, as authority for ordering an alternative method of constructive service of process other than publication. *See, e. g., Cohen v. Board of Supervisors*, 20 Cal.App.2d 236, 97 Cal. Rptr. 550 (Ct.App.1971); *see generally* Annot., 52 A.L.R.3d 844 (1973).

We are of the opinion that of the two options open to the courts as a result of the *Boddie* mandate, constructive service of process by registered mail and posting of notices is the appropriate course for Tennessee. The Attorney General suggests that this Court and the trial courts have implied, if not express, statutory authority to do so, citing T.C.A. §§ 16–102(6), 16–112 and 16–117. We do not choose to rest our authority to promulgate a method of constructive service of process, in these limited circumstances, on those Code sections. We have an affirmative constitutional duty under both the United States Constitution and the Constitution of Tennessee to open the courts to bona fide indigents seeking, in good faith, the judicial dissolution of their marriages. That duty triggers the inherent and statutory supervisory powers[3] of this Court, and we hold that, upon motion, supported by affidavit, trial judges may, in the exercise of sound discretion, order in lieu of publication, that the clerk mail a copy of the complaint and summons by return receipt registered mail to defendant's last known address and post a copy of the summons at three public places in the county; that the clerk make an entry on the rule docket so showing, and note thereon and file with the record the document returned. The Supreme Court in *Boddie* expressly sanctioned such a method of substitute service as satisfying federal due process requirements. We find it adequate to comply with Tennessee constitutional due process for the limited purpose of conferring in rem jurisdiction of the marital status.

The affidavit in support of plaintiff's motion to order that method of constructive service of process, in lieu of publication, shall set forth facts in support of the claim of indigency and provide a full and detailed account of the efforts made to locate defendant including the names and addresses of next of kin, the name and address of defendant's last known employer and such other information as may be relevant in the circumstances. The issues at the hearing on such motion are the bona fides of plaintiff's indigency and diligence in seeking to ascertain defendant's residence and address. The trial judge may require such additional evidence as may be appropriate for an adjudication of those issues.

These cases are remanded to the Chancery Court of Tipton County for further proceedings. consistent with the holding herein.

Costs are to be adjudged one-half against each appellant.

COOPER, BROCK and HARBISON, JJ., and HUMPHREYS, Special Judge, concur.

3. See T.C.A. §§ 16 330—333.