OPINION OF THE COURT
W. Denis Donovan, J.
Plaintiff married defendant in September 1988 and the *913 divorce complaint alleges that defendant abandoned her in December of that same year. No issue has been born of this brief encounter. The office of the Administrative Judge, having found plaintiff to be indigent, assigned her pro bona counsel in this matrimonial action which proceeds without payment of any usual fees. Plaintiff now makes application to this court for an order directing service upon defendant since diligent effort has failed to locate him.
In the motion papers and proposed order, service by publication is sought with the associated costs to be a charge against the County Treasury. If publication is authorized by the court, charging the County’s public coffers would be in accord with the essential holding of the Court of Appeals 1973 decision in Deason v Deason (32 NY2d 93) which settled the divergent positions of the Appellate Divisions with respect to the proper entity to be charged.
The County Attorney opposes the publication request citing the current significant cost of newspaper publication. The County Attorney further points out that in Deason (supra), the Court of Appeals noted that its determination there that the County be charged was without exclusion to consideration of other means of constructive service under CPLR 308 (5) besides publication.
Indeed, CPLR 308 (5) does not set forth any particular methods or means; rather the subdivision permits the court to devise service "in such manner as the court * * * directs” when the more efficacious service methods specified in the preceding subdivisions are shown to be unattainable after diligent attempts are futile. Yet, due process must be observed and the service methods judicially devised under subdivision (5) must ultimately be calculated to afford opportunity of notice to a usually absent defendant. The measure of the calculation may reasonably be lessened where, as here, defendant has abandoned his spouse for a substantial period and purposefully kept his whereabouts unknown. In any final analysis, due process requires application of the rule of reason and insistence upon actual notice under absence circumstances would be unfair to plaintiffs and ultimately detrimental to the public interest (Dobkin v Chapman, 21 NY2d 490).
Here, all attempts at personal service have failed despite the exercise of due diligence. Efforts have included: certified mailings to defendant’s last known residence, all returned marked "unknown” or "unclaimed”; record search by the New *914 York State Department of Motor Vehicles; review of several local telephone directories with calls to similarly named males; a Board of Elections record check; a local United States Post Office record check; and an Armed Forces record check. In addition, several phone calls have been made to his mother with whom it is believed he last resided and to other relatives of his. All these calls have proven fruitless with everyone claiming not to know defendant’s whereabouts and not to have any other information concerning him.
The court recognizes that where constructive means of service are sought under CPLR 308 (5), publication is traditionally requested and routinely granted either solely or in conjunction with some other delivery means. This habit may spring from other statutes that specify publication as a means of service. But a literal reading of CPLR 308 (5) and the cases construing it and its predecessors lead this court to conclude that publication under subdivision (5) is not an essential or necessary element nor even a desirable element of judicially devised service. Besides the holding in the Deason case (supra), allowing consideration of other means, the Court of Appeals even earlier recognized the marginal value of publication. In Dobkin v Chapman (supra), the Court observed that, in addition to some other means such as mailing to some pertinent address, "the single publication in a newspaper added little of value.” (21 NY2d, at 506.)
In this action, keeping in mind its obligations toward due process, the indigent status of plaintiff, the nature of the simple in rem relief being sought and, most significantly, the impact of the financial charges of hundreds or thousands of dollars against public monies in this and similar cases — a factor of growing importance but more and more recently overlooked — the court holds that publication here is unnecessary.
Therefore, pursuant to CPLR 308 (5), the court directs the following method of service:
(a) mailing the present summons and complaint to defendant’s mother at the last known address of both of them;
(b) posting by a duly qualified person of a copy of the present summons (only) bearing notice of action and counsel’s name, address and phone number on the legal notices board in the public lobby of this courthouse; and
(c) similar posting on the legal notices board in the City Hall of the City of Mount Vernon, New York, the defendant’s last known domicile.
*915 These services shall be accomplished within 15 days of the date of entry above and service shall be deemed complete by 30 days after the last of them.
The caption of this matter has been abbreviated by the court for purposes of publication of this particular decision and order only.