THE STATE EX REL. HARRIS, APPELLANT, v. HORVATH, JUDGE, APPELLEE.

[Cite as *State ex rel. Harris v. Horvath,*
105 Ohio St.3d 185, 2005-Ohio-1149.]

(No. 2004–1332—Submitted March 2, 2005—Decided March 30, 2005.)

---

**Per Curiam.**

{¶ 1} On October 10, 2003, appellant, Matthew Scott Harris, an inmate at Mansfield Correctional Institution, filed an application in the Lorain County

Court of Common Pleas, Probate Division, to change the name of his minor son. On that date, appellee, Judge Frank J. Horvath of the probate court, approved Harris's poverty affidavit, waived the filing fee, and ordered Harris to cause notice of the name-change application to be published in a newspaper of general circulation in Lorain County. Harris received a quoted price of $52.20 for the required publication.

{¶ 2} In November 2003, Harris moved to waive the publication fees and tax them as costs. Harris claimed that he was entitled to have the probate court clerk pay for the required publication because he is indigent. On November 17, 2003, Judge Horvath denied the motion.

{¶ 3} In December 2003, Harris filed a petition in the Court of Appeals for Lorain County for a writ of mandamus to compel Judge Horvath[1] to order the required notice by publication in the name-change proceeding and to order the expense to be taxed as costs. Judge Horvath submitted an answer, and the parties subsequently filed motions for summary judgment. On July 8, 2004, the court of appeals granted Judge Horvath's motion, denied Harris's motion, and denied the writ.

{¶ 4} This cause is now before the court upon an appeal as of right.

{¶ 5} Harris claims that the court of appeals erred in denying the writ of mandamus. In order to be entitled to the requested writ, Harris had to establish a clear legal right to waiver of the prepayment of publication fees, a clear legal duty on the part of Judge Horvath to provide the waiver, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Savage v. Caltrider*, 100 Ohio St.3d 363, 2003-Ohio-6806, 800 N.E.2d 358, ¶ 8.

{¶ 6} For the following reasons, Harris cannot establish either a clear legal right to the requested relief or a corresponding clear legal duty on the part of Judge Horvath to provide it.

{¶ 7} First, Judge Horvath has no duty to waive the prepayment of publication or filing fees associated with a name-change proceeding under R.C. 2717.01. See *State ex rel. Robinson v. Clark* (1994), 91 Ohio App.3d 627, 629, 632 N.E.2d 1393 (relator not entitled to writ of mandamus because he had not demonstrated either "a clear legal right entitling him to have the fees or the hearing associated with his application for a name change waived" or "a clear legal duty on behalf of respondent to waive the fees or to waive the hearing"); *In re Paxson* (June 30,

---

1. The mandamus petition also requested that a writ be issued against the clerk of the probate court. Harris claims that because the court of appeals did not address that claim, we are required to vacate the court of appeals' order and remand the cause for disposition of all of his claims. Judge Horvath did not specifically respond to this argument in his merit brief. Nevertheless, it is evident from the website for the Lorain County Probate Court that Judge Horvath also serves as the clerk of the probate court. *http://loraincounty.com/probate*. Therefore, Harris's claim is meritless.

1992), Scioto App. No. 91 CA 2008, 1992 WL 154139 (name-change applicant not entitled to have probate court waive publication requirements of R.C. 2717.01(A)).

{¶ 8} Second, although we have held that an indigent plaintiff in a divorce action may require the appropriate public officials to effect service of process by publication without prepayment by the indigent plaintiff of the costs of publication, that access is generally limited to the essential exercise of fundamental constitutional rights, e.g., rights affecting the marital relationship. Cf. *State ex rel. Blevins v. Mowrey* (1989), 45 Ohio St.3d 20, 543 N.E.2d 99, syllabus; see, generally, 3 Rotunda & Nowak, Treatise on Constitutional Law: Substance and Procedure (3 Ed.1999) 196, Section 17.10 ("where access to the judicial process is not essential to the exercise of fundamental constitutional rights the state will be free to allocate access to the judicial machinery on any system or classification which is not totally arbitrary. Thus, filing fee requirement[s] for such actions may be enforced so as to bar indigents from using the judicial process unless the fees are totally arbitrary"). Harris does not claim that an incarcerated prisoner has a fundamental constitutional right to change the name of a child who is not in his custody.

{¶ 9} Finally, Harris's reliance on R.C. 7.13 is misplaced. R.C. 7.13, which allows publication costs of certain required legal notices to be part of the costs in a case or proceeding, does not expressly preclude probate courts from ordering the *prepayment* of publication costs under R.C. 2717.01. See *Blevins*, 45 Ohio St.3d at 22, 543 N.E.2d 99 (court cites R.C. 7.13 but does not base holding on it). If the General Assembly had intended to bar such orders for prepayment, it would have so provided. Cf. *In re Turkowski* (D.C.App.1999), 741 A.2d 406, 407 (court applied statute permitting waiver of prepayment of fees and costs by indigent person).

{¶ 10} Based on the foregoing, the court of appeals properly denied the writ of mandamus. Therefore, we affirm the judgment of the court of appeals. Harris's motion to strike appellee's merit brief and amended merit brief is moot.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Matthew Scott Harris, pro se.

Gary C. Bennett, Lorain County Prosecuting Attorney, and D. Chris Cook, Assistant Prosecuting Attorney, for appellee.