[Cite as *In re Name Change of S.D.L.*, 2019-Ohio-2950.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

In re The Name Change
of S.D.L. to S.M.O.

Willie Otis

        Appellant

Court of Appeals No. H-18-014

Trial Court No. NC 2018 00009

**<u>DECISION AND JUDGMENT</u>**

Decided:  July 19, 2019

* * * * *

Willie L. Otis, pro se.

Jon P. Schaefer, for appellees.

* * * * *

**ZMUDA, J.**

**{¶ 1}** This matter is before the court upon the appeal of appellant, Willie Otis, of

the decision of the Huron County Common Pleas Court, Probate Division, denying and

dismissing his application for a change of name for his daughter, S.D.L.  Also before the

court is the motion of appellant, objecting to the trial court's adoption of appellees'

statement of evidence and proceedings, and seeking an order to the trial court to produce a "copy of the July 13, 2018 name change hearing proceeding." For the reasons that follow, we deny appellant's motion, and affirm the judgment of the probate court.

## I. Facts and Procedural Background

{¶ 2} The sole issue on appeal is whether the trial court correctly denied the application for a change of name for S.D.L., appellant's natural daughter. Despite this, appellant mainly argues his due process and custody rights as natural father to S.D.L. These arguments are not related to the instant appeal, but pertain to a prior determination by the Huron County Common Pleas Court, Juvenile Division, which awarded legal custody of S.D.L. to appellees W.L. and R.L.[1] That decision is not at issue in the present appeal.

{¶ 3} S.D.L. was born on December 8, 2016, and she has lived with W.L. and R.L. as part of their family since leaving the hospital. Shortly after S.D.L.'s birth, her natural mother, C.C., obtained a birth certificate from the Huron County Health Department, giving S.D.L. the surname of W.L. and R.L. At the time of S.D.L.'s birth, C.C. was married to a man other than appellant. However, paternity was subsequently established pursuant to R.C. Chapter 3111, and no party disputes that appellant is the natural father of S.D.L.

---

[1] In *In re S.L.*, 6th Dist. Huron Nos. H-18-008 and H-18-009, 2019-Ohio-815, ¶ 7-14, we noted that appellant appeared in the custody proceedings with appointed counsel, and did not appeal the custody determination, awarding legal custody to W.L. and R.L. and granting appellant supervised visitation.

2.

**{¶ 4}** More than a year after appellant learned he had fathered S.D.L., appellant filed his application for change of name of a minor, pursuant to R.C. 2717.01. The trial court scheduled the matter for hearing and provided notice to all interested parties, including W.L. and R.L., S.D.L.'s legal custodians. A hearing was held on July 13, 2018. Appellant appeared by videoconference from the London Correctional Institution, where he was serving a sentence for child endangering. The victim in that case is not S.D.L., but appellant's son and S.D.L.'s half-brother, T.O. Appellees W.L. and R.L. also appeared for hearing, along with C.C.

**{¶ 5}** Appellant called three witnesses at hearing, C.C., and appellees W.L. and R.L. Appellant also testified on his own behalf, and appellees' counsel cross-examined appellant. The focus of appellant's evidence pertained to the application for the original birth certificate and custody matters, with scant evidence proffered regarding the requirements under R.C. 2717.01(A). Instead, appellant argued that C.C. should have used his surname in applying for the original birth certificate, and that legally changing S.D.L.'s name would best serve S.D.L.'s interests, because it would create a "natural and symbolic connection to her biological father."

**{¶ 6}** After hearing testimony, and considering the evidence and the requirements under R.C. 2717.01(A), the trial court found that appellant failed to demonstrate

3.

"reasonable and proper cause" for the requested name change, and dismissed the application.[2]  Appellant filed a timely notice of appeal from this decision.

{¶ 7} On January 25, 2019, appellant filed a motion, seeking leave to supplement the record with his statement of evidence instanter, pursuant to App.R. 9(C).  In response, appellees also sought leave to file a statement of the evidence instanter, noting that appellant failed to request a transcript of the hearing although a transcript was otherwise available.  On February 11, 2019, appellees filed their response to appellant's statement of evidence.  With conflicting versions of the proceedings below, we briefly remanded the matter to the trial court for a statement of evidence and proceedings, as provided under App.R. 9(C).  After reviewing appellant's and appellees' proposed statements, the trial court adopted appellees' statement of evidence and proceedings, the record was supplemented accordingly, and this appeal proceeded.

{¶ 8} On March 1, 2019, appellant filed his motion, objecting to the trial court's adoption of appellees' statement of evidence and proceedings and seeking an order to the trial court to produce and file a transcript of the July 13, 2018 hearing.  In his objection, appellant seeks to include facts and evidence related to the paternity and custody proceedings, and disputes appellees' statement of evidence and proceedings as

---

[2] Appellant filed a motion in the trial court, seeking relief from the judgment pursuant to Civ.R. 60(B)(3) and (5).  The court set the motion for non-oral hearing on August 10, 2018, with briefing on the motion permitted until August 9, 2018.  On August 15, 2018, the trial court denied the motion, and appellant did not identify this ruling in his notice of appeal.

inaccurate, in part, because appellees omit this information.  Because appellant argues appellees' statement of evidence and proceedings is inaccurate, and not properly considered as part of the record, we address appellant's motion first.

## II.  Appellant's Motion

{¶ 9} Appellant seeks corrections to the record, arguing the trial court erred in adopting appellees' version of proceedings because appellees omitted or misstated the pertinent evidence.  Appellant also requests that we order the trial court to produce and file the transcript of the hearing held.  In support of his motion, appellant attached his own statement of evidence and proceedings, along with numerous documents related to the paternity and custody proceedings.  Appellant identifies facts he believes require correction.  None of the requested corrections, however, relate to the issue on appeal, namely, whether appellant presented sufficient evidence to demonstrate that changing S.D.L.'s name would be in her best interest.

{¶ 10} Instead, appellant seeks to supplement the record to include records and pleadings from prior cases, in order to reargue the custody case.  Appellant also takes issue with any suggestion he stalked S.D.L.'s mother for months, or assaulted T.O.'s mother and grandfather, or lost visitation rights for T.O.  He argues that he completed anger management and parenting courses, contrary to appellees' assertions, and proffers documents he does not claim to have submitted within the trial court proceeding, with some of these documents dated after the date of the hearing.  Appellant also argues that appellees presented insufficient evidence as to the factors considered by the trial court

5.

regarding a change of name for S.D.L. In addition to proffering his own statement and additional documents, appellant requests an order to the trial court or court reporter to prepare and file a transcript for the July 13, 2018 hearing.

{¶ 11} As to the hearing transcript, the trial court record reflects that appellant filed a motion, seeking an estimate for the cost of transcription for the hearing. The trial court filed an entry in response, indicating the cost, but appellant did not request the transcript. Instead, appellant filed an affidavit of indigency with his appeal, and indicated he would file a statement under App.R. 9(C) in lieu of the transcript. "The narrative statement provided for in App.R. 9(C) is an available, reliable alternative to an appellant unable to bear the cost of a transcript." *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 58, 491 N.E.2d 311 (1986). Therefore, appellant complied with App.R. 9 in providing a substitute for the hearing transcript.

{¶ 12} Regarding the parties' dispute over the narrative statement, App.R. 9(E) provides:

> If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or

6.

misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted. * * *

{¶ 13} In this case, the parties submitted their proposed statements of evidence to the trial court, and the trial court adopted appellees' statement as representative of the evidence adduced at hearing. In objecting to this statement of evidence and proceedings, appellant argues inaccuracy and misrepresentation without identifying any material evidence that was included at hearing but omitted by appellees' statement. Pursuant to App.R. 9(E), we may supplement the record with "anything material" that has been omitted from the record.

{¶ 14} Appellant, however, fails to identify material omissions, instead proffering testimony and documents that were either not before the trial court at the time of hearing, or unrelated to the trial court's consideration of appellant's application for a change of name. Appellant may not use App.R. 9(C) to supplement the record with new evidence, not considered by the trial court in reaching its decision. *Steck's Buckeye Storage Unit, LLC v. Catawba Island Twp. Bd. of Trustees*, 6th Dist. Ottawa No. OT-17-014, 2018-Ohio-886, ¶ 10, citing *Odak v. Odak*, 6th Dist. Huron No. H-98-025, 1999 Ohio App. LEXIS 1011 (Mar. 19, 1999), fn. 1, citing *State v. Robinson*, 53 Ohio St.2d 211, 213-214, 373 N.E.2d 1257 (1978). *See also In re W.E.*, 6th Dist. Lucas No. L-11-1076, 2011-Ohio-4693, ¶ 4-5. Furthermore, even if we chose to include appellant's version of the testimony and evidence as part of the record, the narrative and documents proffered by appellant pertain to a custody matter that is not part of the present appeal.

7.

**{¶ 15}** Upon due consideration of appellant's motion, seeking to supplement the record adopted by the trial court and an order for production of the hearing transcript, we find the motion not well-taken and denied. We proceed, accordingly, with the record as adopted by the trial court pursuant to App.R. 9(C), consisting of appellees' statement of evidence and proceedings.

### III. Name Change

**{¶ 16}** In challenging the trial court's decision, dismissing his application for a change of name, appellant assigns the following as error:

I. THE TRIAL COURT VIOLATED MR. OTIS [sic] DUE PROCESS RIGHTS TO NAME HIS DAUGHTER AFTER HIS DNA RESULTS ON JANUARY 26, 2017 IN CASE NO. DNA-2016-0048.

II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING "APPELLANT" FATHER IN CHANGING HIS DAUGHTER [sic] MIDDLE AND SURNAME.

III. THE TRIAL COURT DENIED THE APPELLANT DUE PROCESS OF LAW WHEN IT PERMITTED HIM TO BE CROSS-EXAMINED BY A LAWYER WHO WAS NOT REPRESENTING A NAMED PARTY.

IV. THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING [W.L. AND R.L.] TO PRESENT FALSE TESTIMONY

8.

WHEN THE TRIAL COURT HAD FACTUAL PROOF THAT [W.L.

AND R.L.] NAME [sic] APPELLANT'S DAUGHTER.

{¶ 17} In support of his assignments of error, appellant intersperses his argument with his own rendition of hearing testimony and reproductions of the trial court's judgment entries. Most of appellant's argument focuses on earlier proceedings or his own interests in sharing a surname with S.D.L. The only issue on appeal, however, is whether a name change is in S.D.L.'s best interests.

{¶ 18} Appellant's first and fourth assignments of error challenge the propriety of the original birth certificate, issued shortly after S.D.L.'s birth. While acknowledging that C.C. could choose the name on the birth certificate, appellant argues that C.C., W.L. and R.L., along with the Huron County Department of Job and Family Services, conspired to "castrate" him out of S.D.L.'s life and terminate his fundamental rights as a natural parent.

{¶ 19} As noted by appellant, C.C. was married at the time of S.D.L.'s birth, and she gave S.D.L. the same surname as W.L. and R.L. "Under R.C. 3705.09(F), a mother who was married at the time of a child's birth is permitted to register the child with any surname the mother designates." *Bowen v. Thomas*, 102 Ohio App.3d 196, 203, 656 N.E.2d 1328 (3d Dist.1995). Appellant argues, however, as the biological father, that he has the right to choose the name under R.C. 3111.13(C), referencing the paternity and custody proceedings.

9.

{¶ 20} As we previously noted, the paternity and custody proceedings are not before this court on appeal. Furthermore, we find no support for appellant's claim of a fundamental right to name his child, independent from the custody proceedings. Courts have recognized "the fundamental right of a parent to make child rearing decisions," but "while a parent's right to name a child is an important aspect of child rearing" it is not an interest rising to the level of a fundamental right. *Brill v. Hedges*, 783 F.Supp.333, 336-337 (S.D.Ohio 1991); *see also State ex rel. Harris v. Horvath*, 105 Ohio St.3d 185, 2005-Ohio-1149, 824 N.E.2d 76, ¶ 7-8 (finding incarcerated, non-custodial parent demonstrated no right to waiver of publication fee under R.C. 2717.01(A), and such waiver is "generally limited to the essential exercise of fundamental constitutional rights"). Appellant's first and fourth assignments of error, therefore, are not well-taken.

{¶ 21} In his third assignment of error, appellant suggests that W.L. and R.L. are not proper parties to the proceedings, because they did not intervene pursuant to Civ.R. 24. The trial court noted that W.L. and R.L. "were granted legal custody" of S.D.L. by the juvenile court, after determining S.D.L. was a dependent child, and provided notice of the proceeding to W.L. and R.L. as S.D.L's legal custodians.

{¶ 22} Legal custody means "the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities." R.C. 2151.011(B)(21). Residual parental rights include "the privilege

of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support." R.C. 2151.011(B)(48).

{¶ 23} Although appellant argues that W.L. and R.L. are not proper parties in this appeal, there is nothing in the record indicating appellant objected to the inclusion and participation of W.L. and R.L. at the hearing before the trial court. Instead, appellant argues that R.C. 2717.01 limits the proceedings to the natural parents, ignoring the provision for an application on behalf of a minor "by either of the minor's parents, a legal guardian, or a guardian ad litem." R.C. 2717.01(B). Furthermore, appellant called W.L. and R.L. as witnesses in that proceeding, and his objection on appeal appears more concerned with the award of custody of S.D.L. rather than any concern regarding standing. Accordingly, appellant's third assignment of error is not well-taken.

{¶ 24} Of the assigned errors, therefore, only appellant's second assignment of error pertains to the actual issue on appeal, whether the trial court abused its discretion in denying and dismissing appellant's application for a change of name for S.D.L. We review this decision for an abuse of discretion, and may not substitute our judgment for that of the trial court. *D.W. v. T.L.*, 134 Ohio St.3d 515, 2012-Ohio-5743, 983 N.E.2d 1273, ¶ 10; *In re Name Change of T.R.*, 6th Dist. Lucas No. L-12-1264, 2013-Ohio-2940, ¶ 3. An abuse of discretion is more than mere error of law or judgment, and "implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

11.

**{¶ 25}** In determining whether to grant an application for change of a minor's name, a trial court must consider:

> the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest.

*In re Whillhite*, 85 Ohio St.3d 28, 32, 706 N.E.2d 778 (1999), citing *Bobo v. Jewell*, 38 Ohio St.3d 330, 528 N.E.2d 180 (1988), paragraph two of the syllabus; *In re Change of Name of Andrews*, 454 N.W.2d 488, 492 (Neb.1990).

**{¶ 26}** Appellant argues that the trial court abused its discretion in denying and dismissing his application to change S.D.L.'s name, asserting he never abandoned S.D.L., fought to obtain custody of S.D.L., and has a right to choose S.D.L.'s name as her natural father. As to S.D.L.'s interests, appellant argues that sharing his name will permit S.D.L. to "benefit from the natural and symbolic connection to her biological father." In applying the applicable factors, appellant argues that a name change would not harm

12.

S.D.L., as she is too young to know her current name or how to spell it, and is too young to express any preference. He further contends that W.L. and R.L. are not blood relations to S.D.L., and he is the only natural parent who seeks to maintain a relationship with his child. Therefore, appellant argues, consideration of whether S.D.L.'s surname differs from W.L. and R.L. is immaterial, because W.L. and R.L. should not be considered "parents" of S.D.L.

{¶ 27} Despite appellant's argument, the factor he deems "immaterial" is a factor of great importance. The concern regarding a child's surname differing from that of others in the household "was specifically recognized in *Whillhite* as a prominent factor for consideration by a trial court." *D.W. v. T.L.*, 134 Ohio St.3d 515, 2012-Ohio-5743, 983 N.E.2d 1273, ¶ 20, citing *Whillhite*, 85 Ohio St.3d at 32, 706 N.E.2d 778; *In re Application for Change of Name of McGowan*, 7th Dist. Harrison No. 04 HA 572, 2005-Ohio-2938, ¶ 28; *In re Wolfe*, 2d Dist. Montgomery No. 19136, 2002 WL 1396318 (June 28, 2002). Furthermore, while W.L. and R.L. are not blood relatives of S.D.L., they are her residential family and the only family S.D.L. has known.

{¶ 28} In considering the best interests of S.D.L., the fact that W.L. and R.L. are only legal custodians, and not blood relatives, does not prevent her from sharing their surname. Additionally, as previously noted, appellant has no fundamental right to name S.D.L., and S.D.L. may keep her legal custodian's surname without affecting appellant's custody or visitation rights. Simply stated, retaining the surname of her legal custodians will not—standing alone—endanger S.D.L's connection to appellant. *See e.g. In re A.C.*,

13.

9th Dist. Summit No. 27646, 2015-Ohio-4351, ¶ 13-15 (giving child the same surname as legal custodian's family in child's best interest, and surname did not "disassociate" child from natural father).

{¶ 29} It is this connection, moreover, that appellant emphasizes most in arguing in favor of a change of name, stressing his own wishes and desires regarding S.D.L. Appellant's argument centers on his fear of being "castrated" out of S.D.L.'s life, despite the fact that he pays child support and continues to write to S.D.L. from prison. The "best interest of the child" determination, however, is not dictated by appellant's "worries, wants, fears, preferences, beliefs, etc.," but must be based on what would best serve S.D.L. *See D.W. v. T.L.* at ¶ 19.

{¶ 30} Upon review of the trial court's decision, it is clear that the court considered and weighed S.D.L.'s interests, and not appellant's interests, in finding that appellant presented insufficient evidence to alter the status quo by changing S.D.L.'s name. Appellant references nothing in the record to demonstrate the trial court's ruling was arbitrary, unreasonable, or unconscionable. Accordingly, we find no abuse of discretion by the trial court, and appellant's second assignment of error is found not well-taken.

## IV. Conclusion

{¶ 31} For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is assessed the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

In re The Name Change of
S.D.L. to S.M.O.
C.A. No. H-18-014

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.