IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 18, 2024

## NEHAD ABDELNABI v. FATMA ADEL SEKIK

**Appeal from the Circuit Court for Knox County**
**No. 126002       Don R. Ash, Senior Judge[1]**
_____

### No. E2023-00128-COA-R3-CV
_____

This appeal concerns the trial court's grant of a petition for civil contempt for failure to comply with orders regarding the division of marital assets and awards of spousal and child support against the husband and his relatives, who held an interest in the properties at issue. We affirm the trial court's grant of orders of civil contempt against all parties. We also conclude that this appeal is frivolous and remand for an assessment of damages.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which KRISTI M. DAVIS and JEFFREY USMAN, JJ., joined.

Nehad Abdelnabi, Only, Tennessee, pro se appellant.

William E. Duffy, Jr., Lawrenceville, Tennessee, for the appellants, Nahed Abdelnabi and Rewa Gharbawe.

Wanda G. Sobieski, Knoxville, Tennessee, for the appellee, Fatma Adel Sekik.

## OPINION

### I.       BACKGROUND

Fatma Adel Sekik ("Wife") and Nehad Abdelnabi ("Husband") are from the Middle East. Wife is from Cairo, Egypt, and Husband is from Palestine. In 1996, the parties married in Egypt and then moved to Knoxville, Tennessee. Four children were born of the

---

[1] Sitting by designation.

marriage, one with significant disabilities requiring long-term care from the parties. The parties were divorced by order of the court in 2019. At that time, Husband was incarcerated and serving a 17-year sentence for his felony conviction related to the kidnapping and assault of a man he accused of having a romantic relationship with Wife. During the proceedings, it was discovered that Husband had dissipated marital assets and transferred and/or sold properties with the help of his brother, Nahed Abedelnabi ("Brother"), and sister-in-law, Rewa Gharbawe ("Sister") (collectively "Relatives"). Relatives were added as parties to the proceedings and tasked with assisting in the return of marital assets.[2]

The court entered several orders in its attempt to effectuate its division of marital property and support payments. The pertinent orders provided as follows:

1.      All income related to the properties, including but not limited to, the properties in the Gaza Strip, shall be paid to or retained by [Wife] to be used for the reasonable support of the family and the marital estate and for which [Wife] shall account to this Court. (Order dated March 20, 2017).

2.      This Court hereby orders [Husband] to execute a Quitclaim Deed (or other such document as may be required in Gaza to transfer title) to the property or properties previously referred to by the parties and the court as the 'chalet property' and the adjoining tract(s) of land in which [Husband] has or has had an interest to [Wife] pending further order of this court. (Order dated June 30, 2017).

3.      [Husband and Relatives] are hereby ordered to place for sale all of the Gaza property remaining titled in [Husband's] name. The parties shall use their best efforts to accomplish a commercially reasonable sale for a fair market price given the values the parties testified to in open court and the Court's valuation found herein. In addition, they are ordered to place for sale the two pieces of property held in Brother's name. From the proceeds of the sale, [Wife] shall be paid the sum of [$690,357]. From [Husband's] portion of the proceeds, [Wife] shall be paid an additional $529,475.47 for the judgments awarded to her herein against [Father and Relatives] jointly and severally. The judgment includes [$75,500] for child support arrearages, [$131,472] for pendente lite support arrearages, $110,443.37 for one-half of the amount due for the sale of the 1,250 square meters of Gaza property, [$116,336] for one-half of the 590 square meters of property Brother transferred to himself, and [$94,724] for Wife's pretrial attorney's fees. In the event that the sale does not suffice to pay the full amount awarded to [Wife] herein, the funds shall first be applied to [Husband's] outstanding

---

[2] We upheld the trial court's jurisdiction over Relatives and the judgment imposed against them. *Sekik v. Abdelnabi*, No. E2019-01302-COA-R3-CV, 2021 WL 120940 (Tenn. Ct. App. Jan. 13, 2021).

obligations to [Wife] and then to the joint and several judgments against [Husband and Relatives]. Any unpaid amount shall remain a judgment and earn interest at the maximum statutory rate for judgments commencing upon this Order becoming final. (Order dated June 25, 2019).

4.      Child support shall continue at the rate of [$1,000] per month through at least December 2026 and perhaps through May 2027 depending on Omar's date of graduation from high school . . . Upon Father's child support obligation for Omar terminating by operation of law as indicated above, child support for Hamza shall continue at the rate of [$500] per month. (Order dated June 25, 2019).

5.      [Wife's] affidavit at trial established that she has a need of [$3,000] per month currently. Father has no ability to pay alimony at this time. This Court therefore orders alimony in futuro in the present amount of [$100] per month until such time as Father is released from custody and the parties' current circumstances can then be determined as to Mother's need and Father's ability to pay. (Order dated June 25, 2019).

On November 10, 2021, Wife filed the instant action against Husband and Relatives, alleging that they had not complied with the orders of the court. Wife requested an order of criminal contempt as applicable to each party. On June 15, 2022, Wife amended her petition to include claims of civil contempt. Relatives attempted to evade service of process but were eventually served by mailing a copy of the amended petition and summons by return receipt registered mail and posting a copy of the summons at three public places in the county pursuant to Tennessee Code Annotated section 29-18-115(e)(2) and *Dungan v. Dungan*, 579 S.W.2d 183, 185 (Tenn. 1979).

The trial court bifurcated the action and proceeded with a hearing solely on the claims of civil contempt held over the course of two days on November 2 and December 20, 2022.[3] All parties were present for the hearing held via Zoom. The record before this court establishes that Wife received no funds from any party toward child or spousal support and that she also did not receive any income from any property awarded to her by the court. Likewise, the properties have remained in the dominion and control of Husband or Relatives with no evidence the parties plan to sell and distribute any funds as ordered. Wife testified that she has relied on menial income from her employment as a translator and the charity of her community while awaiting the fulfillment of the court's orders. Respondents offered no real excuse as to why they had not complied. Husband relied upon his incarceration, despite evidence that he had received significant monetary contributions to his offender trust account during the pertinent time period. Respondents claimed that

---

[3] At the conclusion of the hearing, Wife struck all allegations of criminal contempt from the initial petition and elected to recoup judgment solely on the claims of civil contempt.

they had trouble executing a power of attorney sufficient to transfer or sell the properties. Brother admitted that he sold at least one property and retained the proceeds for his benefit because he believed he was entitled to them as a result of Husband's prior actions.

Following the hearing, the court held Husband and Relatives in contempt for violation of the court's orders, filed on March 20, 2017, June 30, 2017, and June 25, 2019, concerning the marital properties at issue. The court further held Husband in contempt of the court's June 25 order for failure to remit payment for child and spousal support, finding that Husband had failed to remit any payment as ordered by the court, despite "at least some ability" to provide support. The court held that all orders were clear, lawful, and unambiguous and that the parties held the ability to comply as evidenced by the proof submitted concerning the value of the relevant properties held in Gaza. The court noted that relevant properties included any property held by Husband or transferred to Relatives during the pendency of the underlying divorce proceedings.

The court ordered Husband to issue a power of attorney to Brother to accomplish the sale of the properties within 120 days and ordered all proceeds from such sales to be deposited into a trust account until the total judgment is paid in full. The court attached Husband's offender trust account, ordering any funds disbursed into said account to be immediately transferred to Wife. Lastly, the court ordered that Relatives would be taken into jail for failure to comply within 120 days and that Husband would be subject to an additional sentence to be served upon his completion of his current incarceration for his unrelated felony conviction. The court awarded Wife her reasonable attorney fees and later amended its order to include an additional award of interest. This timely appeal followed.

## II.     ISSUES

We consolidate and restate the dispositive issues on appeal as follows:

A.      Whether the trial court erred in denying Husband's request for a continuance to secure counsel.

B.      Whether the trial court erred in its entry of orders of contempt.

C.      Whether Wife is entitled to an attorney fee award now on appeal.

## III.     STANDARD OF REVIEW

Findings of civil contempt are reviewed under an abuse of discretion standard. *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 354–58 (Tenn. 2008). We review the trial court's factual findings of civil contempt with a presumption

of correctness unless the evidence preponderates otherwise pursuant to Rule 13(d) of the Tennessee Rules of Appellate Procedure. *Id.* at 357. The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

Likewise, the trial court's grant or denial of a motion for continuance is also reviewed under an abuse of discretion standard of review. *Hoover v. Bd. of Prof'l Responsibility of Supreme Court*, 395 S.W.3d 95, 103 (Tenn. 2012). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). If a discretionary decision is within a range of acceptable alternatives, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

## IV. DISCUSSION

### A.

Husband argues that the trial court erred in denying his request for a continuance to secure counsel.[4] Wife responds that the trial court allowed Husband more than sufficient time to secure counsel but that Husband failed to establish any reliable proof of his actual attempt to secure counsel in the year since the filing of the initial contempt petition. This court has provided the following instruction concerning our review of such matters:

> [T]he party seeking a continuance carries the burden to prove the circumstances that justify the continuance. In order to meet this burden, the moving party must supply some strong excuse for postponing the trial date. Factors relevant to the trial court's decision include: (1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted.

*Howell v. Ryerkerk*, 372 S.W.3d 576, 580–81 (Tenn. Ct. App. 2012) (internal citations and quotations omitted).

The record reflects that the initial petition was filed on November 18, 2021, with an

---

[4] We note that Husband was not indigent and was subject solely to charges of civil contempt at the bifurcated hearing; accordingly, he held no constitutional right to appointed counsel.

original notice of hearing set for February 2, 2022. Due to multiple delays based upon the failure to effectuate service upon Relatives, the reassignment of the action to a different judge, and Husband's repeated requests to continue based upon his inability to secure counsel, the matter did not proceed to hearing until November 2, 2022, almost an entire year since the initial filing. In denying Husband's final request for a continuance at the hearing itself, the trial court cited the delays that afforded Husband ample time in which to secure counsel. We, like the trial court, believe that Husband, who was not indigent, was provided with more than enough time to secure counsel. His efforts to secure counsel were less than diligent given the time in which the proceeding was pending. Husband has also offered no evidence to establish prejudice as a result of his inability to secure counsel. Accordingly, we find no abuse of discretion in the trial court's denial of Husband's repeated attempts to continue the action.

B.

"Civil contempt occurs when a person does not comply with a court order and an action is brought by a private party to enforce his or her rights under the order that has been violated." *Reed v. Hamilton*, 39 S.W.3d 115, 117–18 (Tenn. Ct. App. 2000). "Punishment for civil contempt is designed to coerce compliance with the court's order and is imposed at the insistence and for the benefit of the private party who has suffered a violation of his or her rights." *Id.* at 118. In general, the Tennessee Supreme Court has enumerated four essential elements of civil contempt claims based upon disobedience of a court order:

(1)    the order alleged to have been violated must be "lawful;"

(2)    the order alleged to have been violated must be clear, specific, and unambiguous;

(3)    the person alleged to have violated the order must have actually disobeyed or otherwise resisted the order; and

(4)    the person's violation of the order must be "willful."

*Konvalinka*, 249 S.W.3d at 354–55.

Relatives elected not to file a brief in support of their requested appeal of the order of contempt entered against them. The record reflects that the challenged order was lawful, clear, specific, and unambiguous. Relatives also made little to no attempt to comply in willful disobedience of the order. Accordingly, we affirm the trial court's finding of contempt entered against Relatives.

Husband argues on appeal that the support orders entered against him were excessive and that the evidence presented was insufficient to establish his willful

disobedience of the order when he was incarcerated and unable to remit payment. The record reflects that the trial court took Husband's incarceration in consideration in determining the willfulness of his behavior. The court noted that Husband held at "at least" some ability to comply. We agree. The record reflects that Husband had funds placed in his offender trust account that he could have used to comply with the court's support orders; further, he made no real attempt to effectuate the sale of the properties in fulfillment of the court's division of marital assets. These orders were lawful, clear, specific, and unambiguous. Husband's failure to comply was likewise willful. Accordingly, we affirm the trial court's finding of contempt entered against him.

## C.

Wife seeks to recover her attorney fees on appeal based upon the frivolous nature of this appeal taken solely for delay pursuant to Tennessee Code Annotated section 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

This is the third iteration of this action on appeal in which Husband has attempted to skirt his responsibilities pursuant to the divorce decree. This is also the second attempt by Relatives to deny their involvement in the properties at issue. We have no doubt that this appeal was taken solely for delay. Accordingly, we award Wife her reasonable attorney fees on appeal, the amount of which the trial court shall determine upon remand.

## V. CONCLUSION

For the reasons stated above, we affirm the trial court's decision. The case is remanded for such further proceedings as may be necessary and consistent with this opinion, including a determination of the proper amount of appellate attorney fees and entry of judgment thereon. Costs of the appeal are taxed equally to the appellants, Nehad Abdelnabi, Nahed Abdelnabi, and Rewa Gharbawe.

_____
JOHN W. MCCLARTY, JUDGE